# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re**

SHARI IRVING,

**Debtor.**

**Bankruptcy Case No. 08-00125-JDP**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

C. Grant King, Boise, Idaho, Attorney for Debtor.

Kathleen A. McCallister, Kuna, Idaho, Chapter 13 Trustee.

## *Introduction*

Chapter 13[1] Trustee Kathleen McCallister filed a motion to dismiss this case filed by Debtor Shari Leigh Irving. Docket No. 27. On July 22,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

MEMORANDUM OF DECISION - 1

2008, the Court conducted a hearing on Trustee's motion at which she and Debtor's attorney appeared. In lieu of testimony, the parties agreed Debtor could submit an affidavit in support of her position; she did so on August 11. Docket No. 30. As agreed, Trustee filed a Response to the affidavit on August 22. Docket No. 31. This decision disposes of the issues raised by the motion, and constitutes the Court's findings and conclusions. Rules 9014, 7052.

## *Background and Facts*

Debtor commenced this chapter 13 case on January 25, 2008 by filing a petition and accompanying schedules. Docket No. 1. She filed her proposed plan the same day. Docket No. 2. Her plan proposes that she make 36 monthly payments of $100 each to Trustee for disbursement to her creditors. To support her plan, Debtor's original schedules I and J showed she had worked in Boise for over five years as a "medical biller," and was earning about $1,600 net monthly. According to her schedules, because Debtor incurred $1,500 in living expenses each month, the payment she proposed to Trustee presumably represented all she could

MEMORANDUM OF DECISION - 2

afford to pay creditors under her plan.

During the case, for reasons unknown to the Court, Debtor moved to California. As a result, Debtor filed amended schedules I and J to reflect her new financial circumstances. Docket No. 26. Still working as a medical biller, Debtor now earns $2,660 net monthly. However, Debtor reports her monthly expenses have now increased to $2,560, meaning, somewhat surprisingly, that she continues to have only $100 available each month for plan payments to Trustee.

Trustee filed the motion to dismiss in response to Debtor's amended income and expense schedules. In the motion, Trustee points out that, because of Debtor's decision to move to California, her living expenses have significantly increased, but Debtor's net income has not increased at all. For example, Trustee notes that Debtor now apparently pays $1,100 per month for housing, as compared to the $500 she paid in Boise, a sum Trustee contends has not been shown to be reasonable, and which, according to Trustee, "exceeds the IRS allowance for a single debtor." Docket No. 27.

MEMORANDUM OF DECISION - 3

Debtor's terse affidavit in response to Trustee's motion avers that the $1,100 is only "her portion of the rent" (presumably because she lives with a roommate), and that she believes it is "reasonable and necessary for the area in which she resides." Docket No. 30.

Trustee counters, in her response to the affidavit, that Debtor received a chapter 7 discharge in 2003; has $53,000 in unsecured debt; that while Debtor moved to California and obtained "a better job" that her expenses increased "by the exact amount of her increase in income"; that based upon a telephone conversation with Debtor, the $1,100 per month she pays is not to rent "half of a house or apartment but merely a room" and therefore is "not a reasonable expense"; and that Trustee believes Debtor is not attempting, in good faith, to reorganize, but instead, Debtor is seeking "a safe haven until [she is] again eligible to file another chapter 7." Docket No. 31.

### *Discussion and Disposition*

Trustee contends that, under § 1307(c)(1), this case should be dismissed "for cause" because Debtor is engaging in unreasonable delay in

MEMORANDUM OF DECISION - 4

prosecuting this chapter 13 case that is prejudicial to creditors.  *See Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 677 (9th Cir. B.A.P. 2006) (explaining that if "the debtor does not proceed diligently, she may become vulnerable to dismissal or conversion based on unreasonable delay prejudicial to creditors under § 1307(c)(1).").  On the basis of this record, the Court is inclined to agree with Trustee.

Under these circumstances, the Court can not confirm Debtor's proposed chapter 13 plan with its accompanying $100 per month payment unless and until Debtor presents adequate, competent evidence that Debtor's voluntary move to California, with its corresponding increase in living expenses without an increase in net income, was undertaken in a good faith attempt to better her financial circumstances.  Under § 1325(a)(3), Debtor must prove that her plan has been proposed in good faith.  *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999); *Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 470 (9th Cir. 1994); *In re James*, 01.1 I.B.C.R. 30, 36 (Bankr. D. Idaho 2001).  Given her decision to relocate, without a better explanation, Debtor has not shown that her use of chapter

MEMORANDUM OF DECISION - 5

13 is motivated by a genuine intent to deal fairly with her creditors. Absent more proof, the Court regards Trustee's concerns about the wisdom and propriety of Debtor's decision seriously.

Unless Debtor is willing to return to Idaho to present evidence and testimony establishing that her plan is proposed in good faith, the Court must agree with Trustee and conclude she is utilizing chapter 13 for an improper purpose. Debtor shall promptly schedule her proposed plan for a confirmation hearing, at which she is expected to produce adequate testimony and evidence to support confirmation. If she does not do so, or is unable to confirm a plan, Trustee's motion will be granted.

A separate order will be entered.

Dated: September 8, 2008

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 6